UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ORAN DANIEL, ET AL

VERSUS

ELIZABETH CAESAR, ET AL

CIVIL ACTION

NUMBER 09-41-FJP-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 27, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ORAN DANIEL, ET AL

VERSUS

ELIZABETH CAESAR, ET AL

CIVIL ACTION

NUMBER 09-41-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Defendants Elizabeth Caesar, Christian Brothers University, the Congregation of Christian Brothers, Crawford & Company, Navigators Specialty Insurance Company and Progressive Insurance Company removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  Defendants alleged that "all Petitioners are diverse from all Defendants except for Defendant, ELIZABETH CAESAR," who the defendants contend was not properly joined.  Neither the Notice of Removal nor the Amended Notice of Removal provided any specific information regarding the organizational structure of defendants Christian Brothers University and the Congregation of Christian Brothers. Nor did the defendants identify the states where defendants Crawford & Company, Navigators Specialty Insurance Company and Progressive Insurance Company are incorporated and where each has its principal place of business.

When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in

accordance with § 1332(a) and (c).[1]  Failure to adequately allege the basis for diversity jurisdiction mandates dismissal in an action originally filed in federal court, and remand in a removed case.[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  Thus, to properly allege the citizenship of a corporation the removing defendants must identify both the state(s) of incorporation and the state where the corporation has it principal place of business.  The citizenship of an entity which is not a corporation, such as an unincorporated association, a partnership or a limited liability company, is determined by considering the citizenship of all its members.[3]

Consequently, on March 11, 2009 the removing defendants were ordered to file, within 10 days, a second amended Notice of Removal which properly alleges citizenship of defendants Christian Brothers University, the Congregation of Christian Brothers, Crawford &

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *See, Stafford*, 945 F.2d at 805, citing *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986).

[3] *See Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990)(partnership and other unincorporated association citizenship); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)(limited liability company citizenship).

Company, Navigators Specialty Insurance Company and Progressive Insurance Company.  The order specifically warned: **"Failure to do so may result in the case being remanded for lack of subject matter jurisdiction."**[4]

No amended notice of removal, or any other response to the order, has been filed.

### RECOMMENDATION

It is the recommendation of the magistrate judge that this case be remanded to the state court for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, March 27, 2009.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 7 (emphasis in original).